FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -6  AM 11: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE EX REL. ROY WALKER                CIVIL ACTION

VERSUS                                  NUMBER: 05-1519

STATE OF LOUISIANA                      SECTION: "A"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for writ of habeas corpus of petitioner, Roy Walker, and the State's response thereto. (Rec. docs. 1, 6). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Walker's petition be dismissed with prejudice.

Petitioner Walker is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 10, 1999, Walker was found guilty of one count of conspiracy to commit armed robbery and one count of attempted manslaughter after trial, by jury, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Louisiana. (St. ct. rec., vol. 3 of 8, pp. 24-26, 80). On December 9, 1999, Walker was sentenced to five years and fifteen years, respectively, as to the two counts, the sentences to be served consecutively. (St. ct. rec., vol. 3 of 8, p. 82). The State subsequently filed a bill of information accusing Walker of being a recidivist under LSA-R.S. 15:529.1. (St. ct. rec., vol. 3 of 8, p. 83). On February 10, 2000, Walker admitted to the allegations contained in the multiple offender bill of information, whereupon his original sentence on the conspiracy count was vacated and he was resentenced to a consecutive term of thirty-five years as to that count. (St. ct. rec., vol. 3 of 8, p. 88).

Thereafter, Walker directly appealed his conviction and sentence to the Louisiana Fifth Circuit Court of Appeal which, on August 28, 2001, affirmed his conviction but vacated his adjudication and sentencing as a multiple offender and remanded the matter to the trial court for further proceedings. State v. Walker, 795 So.2d 459 (La. App. 5th Cir. 2001), writ denied, 826 So.2d 1115 (La. 2002). Following a formal hearing on the multiple bill, on January 28, 2002, Walker was adjudicated a habitual felony offender and was again sentenced to a consecutive sentence of thirty-five years on the conspiracy count. (St. ct. rec., vol. 5 of 8, pp. 71-72). The Louisiana Fifth Circuit Court of Appeal subsequently affirmed Walker's adjudication and sentencing as a multiple offender on November 13, 2002, State v. Walker, 833 So.2d

367 (La. App. 5th Cir. 2002), and writs were denied by the Louisiana Supreme Court on April 25, 2003.  <u>State v. Walker</u>, 842 So.2d 397 (La. 2003). Walker's conviction became final ninety days later, or July 25, 2003, when the ninety-day period for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003); <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)). On April 25, 2005, some twenty-one months later, Walker, through retained counsel, filed the above-captioned federal habeas petition. (Rec. doc. 1).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Walker now have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua</u> <u>sponte</u>. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that Walker's conviction became final on July 25, 2003, he had no challenges to his conviction pending before the state courts. His federal habeas petition, filed as it was on April 25, 2005, comes approximately nine months after the one year allowed by §2244(d). As no facts are present warranting the application of equitable tolling, Walker's petition should be dismissed as untimely under §2244(d).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Roy Walker be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 5th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE